## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT J. MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 06-cv-116-GZS |
| | ) | |
| AMERICAN AUTOMOBILE | ) | |
| INSURANCE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER ON MOTION TO DISMISS COUNT IV

Before the Court is Defendants' Motion to Dismiss Count IV of Verified

Complaint (Docket #s 8 & 9).  For the reasons explained below, the Court GRANTS the

Motion.

### I.      STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the Court must "accept as true the well-pleaded factual allegations of the

complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine

whether the complaint, so read, sets forth facts sufficient to justify recovery on any

cognizable theory." Nicolaci v. Anapol, 387 F.3d 21, 24 (1st Cir. 2004).  In accordance

with this standard, the Court accepts as true Plaintiff's well-pleaded factual averments

and draws "all inferences reasonably extractable from the pleaded facts in the manner

most congenial to the plaintiff's theory." Roth v. United States, 952 F.2d 611, 613 (1st

Cir. 1991).  Generally, a court may only dismiss a claim pursuant to Rule 12(b)(6) if it

"appears to a certainty that the plaintiff would be unable to recover under any set of

facts." State Street Bank and Trust Co. v. Denman Tire Corp., 240 F.3d 83, 87 (1st Cir.

2001) (quoting Roma Const. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir.1996)).

**II.    BACKGROUND**

For purposes of the pending motion, the parties do not dispute that the Court

should accept the following averments from Plaintiff's Complaint, which was timely

removed to this Court:

At all relevant times, Plaintiff Robert Montgomery ("Montgomery") was engaged

in the business of pension and employee benefit management as a registered

representative of Investors Capital Corporation.   Defendants American Automobile

Insurance Company and Fireman's Fund Insurance Company  (together, "Defendants")

had issued insurance policies to Investors Capital Corporation covering certain

enumerated liabilities.  These policies included coverage for Montgomery.

Since 2002, and while covered by one or more of Defendants' policies,

Montgomery has incurred defense costs, including attorneys' fees, as a result of being the

subject of investigations and/or prosecutions by the United States Department of Labor

and the State of Maine.   These investigations and/or prosecutions concerned

Montgomery's actions as a fiduciary and manager of pension and employee benefit plans.

The investigations and/or prosecutions culminated in a consent judgment and order,

which imposed "certain enumerated liabilities" upon Montgomery.  Montgomery claims

that contrary to the applicable insurance policies and the requirements of Maine's Unfair

Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A, Defendants refused to

reimburse either the liabilities imposed under the consent judgment or Montgomery's

defense costs.  This refusal has caused Plaintiff to endure severe emotional distress.

In addition to pursuing a tort claim for this emotional distress, Plaintiff's Complaint presses claims for breach of contract and violations of Maine's Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A.

## III.   DISCUSSION

Via the pending Motion, Defendants seek dismissal of only one claim:  Plaintiff's claim for negligent infliction of emotional distress ("NIED") (Count IV).  To state a claim for negligent infliction of emotional distress "a plaintiff must set forth facts from which it could be concluded that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed; and (4) the breach caused the plaintiff's harm."  Curtis v. Porter, 784 A.2d 18, 25 (Me. 2001) (citing Devine v. Roche Biomed. Labs., Inc., 637 A.2d 441, 447 (Me. 1994)).

The Maine Law Court has previously described the "universe of those who may be liable in tort for the *negligent* infliction of emotional distress" as "limited" because there is no "general duty to avoid negligently causing emotional harm to others."  Curtis, 784 A.2d at 25.  Rather, the Law Court has restricted such a duty to three limited circumstances:  (1) bystander liability actions, (2) "in circumstances in which a special relationship exists between the actor and the person emotionally harmed" and (3) "when the wrongdoer has committed another tort" and that separate tort allows for but does not include recovery of damages for "emotional suffering."  Curtis, 784 A.2d at 25-26. Plaintiff suggests that his claim for negligent infliction of emotional distress may fall into either the second or third categories.

Turning first to Plaintiff's argument that there is a special relationship between Plaintiff and Defendants, the Court finds no such special relationship as a matter of law.

The Maine Law Court has not held that the relationship between an insurer and insured qualifies as a special relationship for purpose of a NIED claim.  In the absence of such a ruling, this Court has previously declined invitations to include the insurer-insured relationship within the class of special relationships that give rise to a general duty to avoid negligently causing emotional harm.  See Jamshab v. Nationwide Ins. Co., No. 04-50-P-C, 2004 WL 3007089 at *11 (D. Me. Dec. 29, 2004)[1]; Lavoie v. Middlessex Mut. Assurance Co., No.01-93-B-C, 2002 WL 576030 at *7 n.15 (D. Me. April 12, 2002)[2] Following these rulings, the Court sees no reason to find that a special relationship existed between the parties that gave rise to a duty to avoid negligently causing emotional harm.  To the extent that Plaintiff asserts that the relationship may turn out to be more accurately described as between an insurer and a third party beneficiary, this difference would not yield a different conclusion.  The Court sees no basis in the existing case law for concluding that such the relationship between an insurer and a third party beneficiary should be deemed a special relationship for purposes of a NIED claim thereby giving the relationship between an insurer and a third party beneficiary greater protection than the relationship between an insurer and an insured.

Plaintiff next argues that his NIED claim can withstand Defendants' Motion to Dismiss because he has alleged another tort, namely, violations of Maine's Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A.  Plaintiff's only case citation in support of this argument is Marquis v. Farm Family Mut. Ins. Co., 628 A.2d 644 (Me. 1993).  Assuming for the moment that Maine's Unfair Claims Settlement Practices Act,

---

[1] This Recommended Decision was affirmed in relevant part by the District Court in an order dated February 22, 2005.

[2] This Recommended Decision was affirmed by the District Court in an order dated May 20, 2002.

24-A M.R.S.A. § 2436-A, could be considered a claim sounding in tort, it does not appear to qualify as a tort that allows for but does not include recovery of damages for emotional suffering.   Rather, Marquis suggests that Maine law would not allow a violation of the Maine Unfair Claims Settlement Practices Act to serve as a tort prerequisite for a NIED claim.   The Marquis decision recognized that the remedies available to an insured who alleges his claim was wrongly denied are generally limited to "the traditional remedies for breach of contract," as well as "the additional remedies set forth in the late payment of claims statute, *see* 24-A M.R.S.A. § 2436, and the unfair claims practices statute, *see* 24-A M.R.S.A. § 2436-A."   Marquis, 628 A.2d at 652. Moreover, the Law Court has also suggested that in order to state a claim for emotional distress an insured "must demonstrate that [the insurer] committed *independently* tortious conduct *beyond* the denial of [the insured's] claim."   Colford v. Chubb Life Ins. Co., 687 A.2d 609, 616 (Me. 1996).   These precedents strongly suggest that the Law Court would not endorse a NIED claim under the circumstances presented in this case.

In addition to these precedents, the Court is generally mindful that the Law Court "has proceeded cautiously in determining the scope of a defendant's duty to avoid inflicting emotional distress" and that the First Circuit has been "reluctant to expand [Maine's NIED] doctrine beyond the narrow categories [endorsed by the Law Court]." Veilleux v. National Broad. Co., 206 F.3d 92, 131 (1st Cir. 2000).   Plaintiff's NIED claim clearly requires this Court to expand the limited "universe of those who may be liable in tort for the *negligent* infliction of emotional distress" under Maine law.   Curtis, 784 A.2d at 25.   In light of the related precedents from the Law Court and the previous rulings from this District, the Court declines to endorse such an expansion in the context

of this case.   Therefore, the Court concludes that Plaintiff cannot state a claim for negligent infliction of emotional distress under existing Maine law.

**III.    CONCLUSION**

For the reasons just explained, Defendants' Motion to Dismiss Count IV of Verified Complaint (Docket #s 8 & 9) is GRANTED and Count IV is hereby DISMISSED.

SO ORDERED.

  /s/ George Z. Singal
United States Chief District Judge

Dated on this 20th day of September 2006.

6